UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2003 OCT 20 A 9: 34

| | |
|---|---|
| ABDALLA GOWAN FERRIS | : |
| Petitioner, | : CIV.NO. 3:03cv483(JCH) |
| v. | : |
| IMMIGRATION and NATURALIZATION SERVICE, | : October 17, 2003 |
| Respondent. | : |

RESPONSE TO ORDER TO SHOW CAUSE

Respondent, the United States Immigration and Naturalization Service ("INS")[1] respectfully submits this response to the petitioner's petition for a writ of mandamus and his response to the Court's order to show cause. As explained below, petitioner is not entitled to the extraordinary remedy of a writ of mandamus because he is still serving his state sentence and has no clear right to be released from state custody or to have his detainer lifted. To the extent this Court considers the petition a petition for a writ of habeas corpus, the Court lacks jurisdiction over the habeas claim because petitioner is not in INS custody.

---

[1] On March 1, 2003, the INS was abolished and its functions transferred to three bureaus within the Department of Homeland Security. The enforcement functions of INS were transferred to the Bureau of Immigration and Customs Enforcement ("BICE") within the Department of Homeland Security, an agency headed by Tom Ridge.

## BACKGROUND

Petitioner, Abdalla Gowan Ferris, is a citizen and native of Antigua. (See Exhibit A, Notice to Appear). He was admitted to the United States at Christensted, St. Croix, V.I. on or about September 26, 1980 as an immigrant. (See Id.) On July 10, 2001, petitioner was convicted of possession of narcotics with intent to sell in violation of Conn. Gen. Stat. § 21a-277a. (See Id.) The INS subsequently commenced removal proceedings against petitioner because of his aggravated felony conviction. (See Exhibit A) During his removal proceedings, petitioner did not apply for any relief from removal. (See Exhibit B, Oral Decision of IJ) As such, on July 29, 1999, an Immigration Judge (hereafter "IJ") concluded that petitioner was removable as charged and ordered that he be deported to Antigua. (See Id.) The Board of Immigration Appeals (hereafter "BIA") affirmed the deportation order on March 10, 2003. (See Exhibit C, BIA Decision) Thereafter, on March 31, 2003, the INS placed a detainer on petitioner based on this aggravated felony conviction. (See Exhibit D, Immigration Detainer - Notice of Action)

Petitioner has a voted to parole date from the State of Connecticut Board of Parole for January 15, 2005.[2] (See

---

[2]Voted to parole means that an inmate has been granted parole for a date more than 30 days in the future and it is contingent upon certain statutory and institutional criteria being satisfied prior to release. (See Exhibit E, Policy and Procedure).

2

Exhibit F, Conditions of Parole). However, he continues to serve his state sentence which does not expire until June 4, 2005. (See Exhibit G, Public Information Disclosure).

Although still in state custody, on March 18, 2003, petitioner filed the instant petition for a writ of mandamus seeking release from state custody and the removal of his INS detainer. As explained below, the petition should be dismissed as a matter of law.

## LEGAL ARGUMENT

I. Mandamus Relief Should Be Denied Because Petitioner Has No Clear Right To Have His Detainer Lifted or To Be Placed in a Community Release Program

Petitioner claims that he should not be deported because he has family in the United States. In addition, he claims that if he did not have an INS detainer his classification level within the Connecticut Department of Corrections ("DOC") would be lowered and he could be released into a residential placement program or halfway house. Moreover, petitioner claims that his release would be imminent if he did not have an INS detainer.[3] Because petitioner has no absolute right to have the detainer

---

[3]This claim is without merit because, assuming petitioner met all the conditions of his parole release, he is not even eligible for such release until on or after January 15, 2003. (See Exhibit F).

3

lifted, or to be placed in a community release program, his request for a writ of mandamus should be denied.

A writ of mandamus is an extraordinary remedy and is available only when the petitioner can establish "(1) a clear right . . . to the relief sought; (2) a plainly defined and preemptory duty on the [respondent's] part to do the act in question; and (3) lack of another available remedy." Deutsch v. United States, 943 F. Supp. 276, 279 (W.D.N.Y 1996) (quoting Billiteri v. United States Bd. of Parole, 541, F.2d 938, 946 (2d Cir. 1976)). In this case, petitioner has no clear right to have his detainer lifted or to be placed in a community release program.

Section 238 of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1228, governs the removal of aliens convicted of aggravated felonies such as petitioner. The statute provides for the initiation and completion, to the extent possible, of removal proceedings for such criminal aliens, "before the alien's release from incarceration for the underlying aggravated felony." INA § 238(a)(3)(A), 8 U.S.C. § 1228 (a)(3)(A) (West 2001).[4] The

---

[4]Notably, the statute compels the Attorney General to conduct such proceedings "in a manner which eliminates the need for additional detention at any processing center of the Service . . . ." INA § 238(a)(1), 8 U.S.C. § 1228(a)(1)

4

lodging of a detainer against the petitioner prior to the completion of his state sentence is consistent with the purpose behind § 238.  Moreover, the detainer is for notification purposes only.  It states that petitioner has been ordered removed from the United States and that it is <u>for notification purposes only</u> and <u>does not limit your discretion in any decision</u> affecting the offender's classification, work and quarters assignments, or other treatment which he would otherwise receive.  (<u>See</u> Exhibit D) It is the DOC policy, not the detainer, that allegedly denies him the opportunity to participate in various correctional programs.[5]

As such, petitioner's claim that the detainer is interfering with his eligibility in a community release program is without merit.  Specifically, there is no reasonable entitlement to placement in a transitional program.  Nor is there any legitimate expectation of such placement.[6]

In Connecticut, an inmate who satisfies certain criteria is

---

(West 2001).

[5] The Court has no jurisdiction to review the decision of the INS to lodge a detainer against petitioner because it is part of the commencement of proceedings against petitioner.  <u>See</u> 8 U.S.C. § 1252(g).

[6] To the extent petitioner is challenging his classification, his claim also fails.  Specifically, Connecticut inmates have no state or federally created liberty interest in their DOC classification.  <u>See</u>, <u>e.g.</u>, <u>Torres v. Stewart</u>, 263 F. Supp.2d 463, 470 (D. Conn. 2003).

5

eligible for consideration into Transitional Supervision ("TS") or Residential Program Placement ("RPP"). (See Exhibit H, DOC Classification Manual, Section IV)  Pursuant to Conn. Gen. Stat. § 18-100(e) and § 18-100c, the Commissioner of Correction "may" permit an inmate to be transferred to TS or RPP if the inmate has satisfied certain requirements. (See Exhibit H)  The statute, however, vests broad discretion in the judgment of the Commissioner of Correction regarding such placement and nothing in the relevant statutes of DOC Classification Manual provides that in the event certain requirements are satisfied an inmate "shall" be placed in TS or RPP.  See Pugliese v. Nelson, 617 F.2d 916 (2d Cir. 1980); Berard v. Vermont Parole Board, 730 F.2d 71 (2d Cir. 1984).  Therefore, the fact that an inmate satisfies the necessary requirements for consideration into TS or RPP, does not create an entitlement to placement into such programs.  Indeed, neither the statutes nor the DOC Classification Manual requires that an inmate even be considered for placement in TS or RPP, even when they have satisfied the applicable criteria for such placement. (See Exhibit H) (DOC Classification Manual stating that an inmate is eligible for consideration when applicable criteria is met).  Consequently, even assuming petitioner could satisfy the criteria for consideration into TS or RPP, (which he cannot because of his detainer), the fact remains that these programs are mere possibilities with no prisoner (including those

6

without detainers) able to prove any state of facts which would entitle him to placement into TS or RPP. Finally, a finding by the Court that a liberty interest existed under the circumstances alleged here would inevitably involve the Court in the day to day operations of the state prison system, which is better left to prison administrators.

Accordingly, because there is no set of facts whereby placement into TS or RPP "shall" be ordered, there is no protected constitutional or statutory liberty interest in such programs. See Vincenzo v. Warden, 26 Conn. App. 132 (1991) (holding that, because statute uses discretionary language, there is no protected constitutional or statutory liberty interest in parole release); McLaughlin v. Bronson, 206 Conn. 267, 271 (1988) (holding that commutation statute created no right or entitlement to a pardon or sentence commutation because such a grant is discretionary); see also Nunez v. INS, 3:03cv1224(RNC), (D. Conn. October 9, 2003) (copy attached).

Accordingly, because petitioner cannot establish a clear right to have his detainer lifted or to be placed in a community release program and because there is no plainly defined duty by the INS to do so, petitioner's mandamus relief should be denied.

II. <u>The Lodging of the INS Detainer Does Not Constitute Custody for Purposes of Habeas Corpus Jurisdiction</u>

To the extent the Court construes the petition as seeking a writ of habeas corpus, the petition is also subject to dismissal. This Court lacks jurisdiction over such a petition because petitioner is currently in the custody of the State of Connecticut, not the INS.

The writ of habeas corpus functions to grant relief from unlawful custody or imprisonment. <u>See</u> <u>Campillo v. Sullivan</u>, 853 F.2d 593, 595 (8th Cir. 1988). Before a court may grant a writ of habeas corpus, it must be established that the petitioner is in the custody of the respondent. <u>See</u> 28 U.S.C. § 2241(c). Here, petitioner cannot maintain a habeas action on the basis of the allegation that he is being detained pursuant to a detainer filed by the INS. Petitioner is being held by the State of Connecticut -- not any federal official -- in connection with his prison sentence for a state criminal conviction. The INS detainer only constitutes "a <u>notice</u> that future INS custody will be sought at the conclusion of a prisoner's pending confinement by another jurisdiction, and . . . a <u>request</u> for prior notice regarding the termination of that confinement," <u>Roldan v. Racette</u>, 984 F.2d 85, 88 (2d Cir. 1993) (emphasis added); <u>see also</u> <u>Campillo</u>, 853 F.2d at 595 ("The [INS] detainer . . . does not purport to [affect] [petitioner's] status as a sentenced federal offender, but merely notifies prison officials that a

decision regarding his deportation will be made by the INS at some future date."), cert. denied, 490 U.S. 1082 (1989); Lepez-Mejia v. INS, 798 F. Supp. 625, 627 (C.D. Cal. 1992) (INS detainer "merely notifies prison officials that a decision regarding [petitioner's] deportation will be made by the INS at some future date").

The lodging of such a detainer "does not result in present confinement by the INS," Roldan, 984 F.2d at 88, and therefore is insufficient to support habeas jurisdiction. See, e.g., Dearmas v. INS, No. 92 Civ. 8615 (PKL), 1993 WL 213031, at *3 (S.D.N.Y. June 15, 1993) ("The Court agrees with the clear majority of courts which have found that the filing of a detainer does not constitute 'custody' by the INS for purposes of habeas jurisdiction."); Prieto v. Gluch, 913 F.2d 1159, 1162-64 (6th Cir. 1990) (holding that district court lacked jurisdiction over habeas petition by federal prisoner seeking to challenge INS detainer because detainer is merely a notice, and lodging thereof does not constitute custody for habeas purposes); Orozco v. INS, 911 F.2d 539, 541 & n.2 (11th Cir. 1990) ("[t]he filing of a detainer is an informal process advising prison officials that a prisoner is wanted on other pending charges and requesting notification prior to the prisoner's release," and the filing thereof, standing alone, "did not cause [petitioner] to come within the custody of the INS"); Campillo, 853 F.2d at 595 ("The

9

filing of [an INS detainer] is insufficient . . . to alter [petitioner's] status as a custodial detainee of the federal prison system. [Petitioner] may not challenge the detainer by way of habeas corpus until he is placed in the custody of the INS, an event which will not occur until [he] is released from his present term of confinement."), cert. denied, 490 U.S. 1082 (1989).[7]

As the Second Circuit recently held, once there is a final order of removal and there is a challenge to that order, petitioner is deemed to be "in custody" for purposes of habeas jurisdiction. See Simmonds v. INS, 326 F.3d 351, 354 (2d Cir. 2003). Here, however, petitioner does not seek to challenge the final order of removal but rather his current detention by the State of Connecticut. This distinction is critical. If petitioner sought to raise a challenge to his final order of

---

[7]See also Cruz v. Molerio, 840 F. Supp. 303, 305 (S.D.N.Y. 1991) (PNL) (citing the "many cases [that] have held that the lodging of a detainer does not effectuate INS 'custody' for the purpose of [habeas jurisdiction]"); Digrado v. Ashcroft, 184 F. Supp. 2d 227, 232 (N.D.N.Y. 2002) ("Although the INS has apparently lodged a detainer against [petitioner], doing so did not place [him] within the custody of the INS or provide habeas jurisdiction over the respondents."); Fernandez-Collado v. INS, 644 F. Supp. 741, 744 (D. Conn. 1986) (because "the I.N.S. detainer is no way subjects the petitioner to the custody of the I.N.S.," alien confined in federal correctional institution "remains in the sole custody of prison officials" notwithstanding the lodging of a detainer, and "the requested relief from the I.N.S. is not presently available").

removal, under <u>Simmonds</u>, there would exist "technical custody" for purposes of habeas jurisdiction even though the INS had not assumed physical custody. That is because in such a case, petitioner seeks to raise a challenge to his subsequent custody by the INS which custody would be required by virtue of the final order of removal. In this case, however, petitioner's challenge is to his current detention not the validity of subsequent custody by the INS based on the final order of removal. In fact, petitioner does not contest that the final order subjects him to eventual deportation. This Court therefore must look to see who his current, actual custodian is to determine whether habeas jurisdiction is proper.

That filing the detainer is for notification purposes only, and does not constitute present confinement, is evident from the language of the detainer in this case. On March 31, 2003, the INS lodged an "Immigration Detainer-Notice of Action" regarding petitioner with the warden of the Radgowski Correctional Institution, his custodian at that time. <u>See</u> (Exhibit D). The detainer stated that "[d]eportation or removal from the United States has been ordered" and that it "is <u>for notification purposes only</u> and <u>does not limit your discretion in any decision</u> affecting the offender's classification, work and quarters assignments, or other treatment which he would otherwise receive." <u>Id.</u> (emphasis added). The detainer also requested

11

(<u>inter alia</u>) that the warden notify the INS "of the time of [petitioner's] release at least 30 days prior to release or as far in advance as possible" and made reference to 8 C.F.R. § 287.7, which, under limited circumstances, requires a "criminal justice agency" to maintain custody of an alien subject to a detainer for a period "not to exceed 48 hours . . . to permit assumption of custody by the [INS]." 8 C.F.R. § 287.7 (2001).[8]

To the extent that petitioner claims that because he was voted to parole, he should be considered in INS custody, that claim is unavailing. If an inmate is voted to parole that does not mean that he is released from incarceration. (<u>See</u> Exhibit F, Conditions of Parole) Rather, the inmate is voted to a parole status. Moreover, the INS detainer should not prohibit the granting of release on parole. (<u>See</u> <u>id</u>.) Petitioner has to satisfy all the conditions of release imposed by the parole board and the parole board has to find "that there is a reasonable

---

[8]The detainer also makes reference to the requirement in 8 C.F.R. § 287.7 that, under certain circumstances, a "criminal justice agency" maintain custody of an alien for a short period to permit the INS to assume custody. <u>See</u> 8 C.F.R. § 287.7(d) (2001). Because this regulation applies only when an alien is "not otherwise detained by a criminal justice agency," it does not apply to an alien who, like petitioner, is presently in state custody on the basis of a state criminal conviction. In any event, it is the regulation, not the detainer, that requires such interim custody by a criminal justice agency, and the reference to that regulation in the INS detainer does not transform the detainer into anything more than a notice "that a decision regarding [petitioner's] deportation will be made by the INS at some future date," <u>Lepez-Mejia</u>, 798 F. Supp. at 627.

12

probability that the inmate will live and remain at liberty without violating the law, and that such release is not incompatible with the welfare of society" prior to his release. (See id.)  Indeed, if petitioner satisfies these conditions, the State of Connecticut can release him on or after January 15, 2003.  If the state continues to hold him, he must bring any challenge of his current detentions against the state officials who are holding him.  See Con. Gen. Stat. § 52-466 (inmate can bring a state habeas to challenge any illegal custody). Regardless of the parole determinations by the State of Connecticut, it does not confer habeas jurisdiction on a federal court to challenge his current detention by the State of Connecticut where such jurisdiction would not otherwise exist.

> Respectfully submitted,
>
> KEVIN J. O'CONNOR
> UNITED STATES ATTORNEY
>
> JOHN B. HUGHES
> ASSISTANT UNITED STATES ATTORNEY
> CHIEF, CIVIL DIVISION
>
> *[signature]*
>
> DOUGLAS P. MORABITO
> ASSISTANT UNITED STATES ATTORNEY
> P.O. BOX 1824
> NEW HAVEN, CT  06508
> (203) 821-3700
> FEDERAL BAR NO. ct20962

**CERTIFICATION OF SERVICE**

This is to certify that a copy of the within and foregoing was sent on this 17th day of October, 2003, via first-class mail to:

Abdalla Gowan Ferris
Inmate Number 200869
Radgowski Correctional Institution
982 Norwich New London Tpke
Uncasville, CT 06382

*[signature]*
DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY