**U.S. Department of Justice**
Immigration and Naturalization Service

**Notice to Appear**

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No: A36 797 371

In the Matter of:

Respondent:   Abdalla   Gowan   FERRIS   Aka: Abdullah FERRIS   #200869   R.D.June 5, 2005
Enfield Correctional Institution
289 Shaker Road, Enfield, CT 06082

(Number, street, city, state and ZIP code)   (Area code and phone number)

☐ 1. You are an arriving alien.
☐ 2. You are an alien present in the United States who has not been admitted or paroled.
☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of Antigua a citizen of the United Kingdom; ANTIGUA AF
3. You were admitted to the United States at Christensted, St.Croix, V.I. on or about September 26, 1980 as an Immigrant;
4. You were, on July 10, 2001, convicted in the Superior Court [at] Bridgeport, Connecticut for the offense of 'Possession of Narcotics with Intent to Sell' in violation of Connecticut General Statute, section 21a-277a;

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(B) of the Act, that is, an offense relating to the illicit trafficking in a controlled substance, as described in section 102 of the Controlled Substance Act, including a drug trafficking crime, as defined in section 924(c ) of Title 18, United States Code.

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in Section 101(a)(43)(U) of the Act, a law relating to a failure to appear before a court pursuant to a court order to answer to or dispose a charge of a felony for which a sentence of two years imprisonment or may be imposed   withdrawn by Service before IJ

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to:   ☐ 8 CFR 208.30(f)(2)   ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
450 Main Street, Rm 509, Hartford, CT  06103
(Complete Address of Immigration Court, including Room Number, if any)

on   TO BE SET   at   9:00 a.m.   to show why you should not be removed from the United States based on the
(Date)   (Time)
charge(s) set forth above.

GOVERNMENT
EXHIBIT
A

Date: 12/13/01

Hartford, CT
(City and State)

(Signature and Title of Issuing Officer)

### See reverse for important information

ORIGINAL TO COIR/HAR 5/30/02

Form I-862 (Rev. 4-1-97)

RECEIVED
DEPARTMENT OF JUSTICE
2002 MAY 30 AM 8:08

## See reverse for important information

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

Before:

_____
(Signature of Respondent)

_____
(Signature and Title of INS Officer)

Date: _____

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on ___1/17/02___ , in the following manner and in compliance with section 239(a)(1)(F) of the Act:
(Date)

☑ in person         ☐ by certified mail, return receipt requested         ☐ by regular mail

☑ Attached is a list of organizations and attorneys which provide free legal services.

☑ The alien was provided oral notice in the ___English___ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____
(Signature of Respondent if Personally Served)

_____
(Signature and Title of Officer)

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
Hartford, Connecticut

File A 36 797 371                          November 7, 2002


In the Matter of


ABDALLA GOWAN FERRIS,          )          IN REMOVAL PROCEEDINGS
                               )
        Respondent             )


CHARGE:        Section 237(a)(2)(A)(iii) of the Immigration and
               Nationality Act - convicted of an aggravated
               felony


APPLICATION:   None


ON BEHALF OF RESPONDENT:        ON BEHALF OF SERVICE:

Anne Rapkin, Esquire            John Marley, Esquire
Law Offices of Michael Boyle    Assistant District Counsel
169 Monweave Avenue             INS Hartford, Connecticut
North Haven, Connecticut 06473


                ORAL DECISION OF THE IMMIGRATION JUDGE

        The respondent admitted through counsel that he is a

native and citizen of Antigua who was admitted to the United

States on September 26, 1980 as an immigrant.  He was apparently

born on September 14, 1974.  The respondent indicated that his

parents were born in Antigua and they did not naturalize before

the respondent turned 18.

        The record reflects that the respondent did not apply

GOVERNMENT
EXHIBIT

B

KAH

for any relief from removal and designated Antigua as the country of removal.  The respondent states he does not want to go back to Antigua because he left there when he was six years old.

The record reflects that the respondent pled guilty on June 25, 2001 of the offense of possession of narcotics with intent to sell in violation of Section 21A-277A of the Connecticut general statutes.  The offense clearly involves possession of marijuana with intent to sell.  The respondent was given a sentence of four years imprisonment.

The Court finds that based on the certified transcript that removability has been established by clear and convincing evidence.  Furthermore, the substances have clearly been identified as possession of marijuana with intent to sell. Marijuana is clearly a substance under the Controlled Substances Act.  In addition, Section 21A-277A of the Connecticut general statutes constitutes a felony.  It is therefore a drug trafficking offense.  Accordingly, he appears to be an aggravated felony as defined in Section 101(a)(42)(B) of the Immigration and Nationality Act.  Accordingly, the respondent is subject to removal.

It appears that the respondent is not eligible for any other relief from removal.  Accordingly, the Court has no other option but to order his removal from the United States.

A 36 797 371                              2                    November 7, 2002

KAH

## ORDER

IT IS HEREBY ORDERED that the respondent be removed to Antigua.


MICHAEL W. STRAUS
Immigration Judge

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:    A36-797-371 -  HARTFORD

Date:    MAR 1 0 2003

In re:  *S-FERRIS, ABDALLA GOWAN

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:  Pro se

ORDER:

   PER CURIAM.  The Board affirms, without opinion, the results of the decision below.  The decision below is, therefore, the final agency determination.  *See* 8 C.F.R. § 1003.1(e)(4).

_____
FOR THE BOARD

GOVERNMENT
EXHIBIT

C

U.S. Department of Justice

Immigration and Naturalization Service

# Immigration Detainer - Notice of Action

| | |
|---|---|
| File No. | A36 797 371 |
| Date: | March 31, 2003 |

To: (Name and title of institution)
WARDEN
Radgowski Correctional Institution
982 Norwich-New London Tpke.
Uncasville, CT  06382

From: (INS office address)
HS-BICE    (Formally USINS)
Detention & Removal Operations
450 Main Street, Room 511
Hartford, CT  06103

Name of alien: FERRIS, Abdalla Gowan  aka: FERRIS, Abdullah    INMATE NUMBER: 200869

Date of birth: September 4, 1974    Nationality: Antigua    Sex: Male

**You are advised that the action noted below has been taken by the Immigration and Naturalization Service concerning the above-named inmate of your institution:**

☐ Investigation has been initiated to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on
_____
(Date)

☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on _____
(Date)

☒ Deportation or removal from the United States has been ordered.

**It is requested that you:**

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

☒ Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays and Federal holidays) to provide adequate time for INS to assume custody of the alien. You may notify INS by calling (860) 240-3012 during business hours or _____ after hours in an emergency.

☒ Please complete and sign the bottom block of the duplicate of this form and return it to this office. ☐ A self-addressed stamped envelope is enclosed for your convenience. ☒ Please return a signed copy via facsimile to (860) 240-3488
(Area code and facsimile number)
Return fax to the attention of ____DRO_____, at (860) 240-3012_____
(Name of INS officer handling case)    (Area code and phone number)

☒ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.

☒ Notify this office in the event of the inmate's death or transfer to another institution.

☐ Please cancel the detainer previously placed by this Service on _____

_____
(Signature of INS official)

SDDO
(Title of INS official)

**Receipt acknowledged:**

Date of latest conviction: 7/10/2001    Latest conviction charge: Sale of Hallucigen/Narcotic Substnc
Estimated release date: 10/4/2005

Signature and title of official _____

GOVERNMENT
EXHIBIT
D

Form I-247 (Rev. 4-1-97)N

**POLICY AND PROCEDURE**
**TITLE:** RESCISSION OF PAROLE
**DATE:** 6/2/03
**SUPERSEDES:** JANUARY 3, 1996
**APPROVED:** JULY 1, 2003

**AUTHORITY AND REFERENCES:**     Conn. Gen. Stat. § 54-124a(d)(6)
D.O.C. Administrative Directive 9.5

1.  **POLICY.**  This policy addresses the parole rescission process.  In the case of an individual who has been granted parole and is awaiting release to parole supervision, the Board may modify or rescind parole on the basis of (A) any act of misconduct by the individual prior to release, (B) the absence of a suitable release plan, or (C) significant, adverse information regarding the individual received by the Board after the hearing resulting in the parole grant.

2.  **DEFINITIONS.**

    A.  **Voted to Parole Status**:  An inmate granted parole by the Board for a date that is more than 30 days in the future. Such parole date is contingent upon an affirmative finding by the Board at a pre-release record review that the inmate has a continued record of good conduct and a suitable release plan, and that the Board has not received any significant adverse information regarding the inmate that was not in the inmate's file at the time of the voted to parole action.  A pre-release review generally will be conducted 21-30 days prior to the scheduled parole date or as soon thereafter as feasible.

    B.  **Effective Parole Status**:  An inmate granted parole by the Board for a date that is 30 days or less in the future or whose parole date is affirmed at a pre-release record review.

    C.  **Administrative Rescission**:  Rescission of parole by an Administrative Review panel.

    D.  **Temporary Suspension**: Suspension of parole until such time as a hearing can be conducted to determine if rescission of that parole is warranted.

    E.  **Retardation of Parole:**  Temporary delay of parole not exceeding 30 days.

3.  **REVIEW OF ALLEGED MISCONDUCT OR OTHER ADVERSE INFORMATION.**

    A.  **Review by parole officer.**  Upon receipt of an allegation of misconduct or other adverse information regarding an individual in voted to parole status, a parole officer shall review the following, as applicable:  Department or Correction

GOVERNMENT
EXHIBIT

E

Incident/Disciplinary Report; Residential Program Removal Report; Police Report; and any other relevant documentation.

B. **Application of Decision Guidelines.** The parole officer will apply the criteria set forth in the Rescission Guideline Chart (Appendix I) and submit his or her report and recommendation to a Parole Supervisor. A decision notwithstanding the guidelines may be recommended providing a specific written reason is provided for the recommended departure from the guidelines.

C. **Review by Supervisor.** A parole supervisor may order one of the following actions:

1. **Administrative Rescission Consideration** – If the inmate has sustained a new criminal conviction, the parole supervisor may order the case be submitted to an administrative review panel. In such case, the parole supervisor will assign the case to a parole officer who will present the case to an Administrative Review Panel. The parole officer will notify Board administrative staff of the result of the administrative review. Board administrative staff will update the Board of Parole Information System and Casenotes (hereafter referred to as B.P.I.S.) and notify the inmate by letter of the Board action.

2. **Retardation of Parole Grant for up to 30 Days** – The parole officer will notify clerical staff who will update the B.P.I.S. and notify the inmate via letter of the Board action. Administrative staff will also notify the appropriate district supervisor of the Board action if that action is taken less than 30 days prior to the originally scheduled release date.

3. **Temporary Suspension of Parole Grant and Scheduling of Rescission Hearing With Consideration of Expedited Rescission Procedure** – The parole supervisor may order the temporary suspension of a parole grant and the scheduling of a rescission hearing with consideration of the case for the expedited rescission procedure. In such case, the parole supervisor will assign the case to a parole officer who will present the case to an Administrative Review Panel. If the Administrative Review panel approves a proposed expedited rescission disposition, the expedited rescission procedure in section 4, below, will apply (the Administrative Review panel also will set a date for a rescission hearing in case the inmate declines the proposed expedited rescission disposition). If the Administrative Review panel does not approve an expedited rescission offer, the case will be scheduled for a rescission hearing under the procedure in subsection (c) of this section.

4. **Temporary Suspension of Parole Grant and Scheduling of Rescission Hearing** – The parole supervisor may order the temporary suspension of a parole grant and the scheduling of a rescission hearing. In such case, the parole supervisor will assign the case to a parole officer who will prepare

the suspension of parole notification to the Department of Correction, schedule a date for a rescission hearing, notify the inmate in person of charges or adverse information and the date of the rescission hearing, and have the inmate acknowledge receipt of this information by signing a Notice of Rescission.  A rescission hearing will be conducted by a Full Panel of the Board.

If the parole supervisor's decision is a departure from the rescission guidelines, the parole supervisor shall enter a specific reason for that departure in the case file.

**D.  Minor Disciplinary Infractions.**  A Disciplinary Report that does not meet the criteria set forth in the rescission guideline chart generally will not warrant action under this section and thus will not delay release to parole.  An exception may be made by the parole supervisor upon the entry in the case file of a specific written reason for the departure from the rescission guidelines.

## 4.  EXPEDITED RESCISSION DISPOSITION.

**A.  In General.**  An expedited rescission disposition entails a procedure under which an individual in "voted to parole status" voluntarily agrees to accept responsibility for his or her conduct and waive a rescission hearing in return for a specific sanction determined by the Board.

**B.  Procedure.**  If approved by an Administrative Review Panel, a parole officer shall notify the inmate in person of charges or adverse information and the date of the rescission hearing, and have the inmate acknowledge receipt of this information by signing a Notice of Rescission.  The parole officer also shall explain the expedited rescission procedure to the inmate and present the proposed expedited rescission disposition to the inmate on a form prescribed for that purpose.  If the inmate accepts the expedited disposition within the allotted time, the parole officer will cancel the scheduled rescission hearing and notify Board administrative staff, who will update the B.P.I.S. and notify the inmate by letter of the Board action.  If the inmate declines the proposed expedited rescission disposition or does not respond within the allotted time, the proposed expedited rescission disposition shall become null and void and the rescission hearing shall be conducted as scheduled.

## 5.  RESCISSION HEARING PROCEDURE.

**A.  Inmate in Effective Parole Status.**  A rescission hearing for an inmate in effective parole status shall be conducted under the procedures applicable to a final revocation hearing (including the procedures applicable to retained or provided counsel).  A finding of a rule violation by the Department of Corrections at a disciplinary hearing may be considered as evidence of a rule violation, but the inmate must be given an opportunity to show why such finding was erroneous.

**B. Inmate in Voted to Parole Status.** A rescission hearing for an inmate in voted to parole status shall be conducted under the procedures applicable to a final revocation hearing with the following exceptions:

1. A finding of a rule violation by the Department of Corrections at a disciplinary hearing may be considered as conclusive evidence of a rule violation, but the inmate must be given an opportunity to explain any mitigating circumstances.

2. The inmate does not have the right to representation by an attorney.

3. The inmate may present documentary evidence but does not have the right to the appearance of witnesses. If the Board, in its discretion, takes the testimony of a witness at the hearing, the procedures concerning cross-examination applicable at a revocation hearing may apply with respect to that witness.

4. Reasons for denial of witness shall be in writing and provided to the parolee, unless doing so would jeopardize safety and security of the witness.

_Michael L. Mullen_
**Michael L. Mullen, Chairman**

_7/3/03_
**Date**

# APPENDIX I

## RESCISSION GUIDELINE CHART

| <u>ADMINISTRATIVE RESCISSION</u> | <u>TEMPORARILY SUSPEND & SCHEDULE RESCISSION HEARING</u> | <u>THIRTY(30)-DAY SET OFF</u> |
|---|---|---|
| • New Criminal Conviction (Schedule release granting hearing in accordance with newly established eligibility) | • New Criminal Charge (Hearing to be scheduled upon disposition of charge)<br>• New Information<br><br>DISCIPLINARY REPORTS FOR:<br>• Arson<br>• Assault on DOC Employee<br>• Creating a Disturbance<br>• Escape<br>• Felonious Misconduct<br>• Hostage Holding<br>• Hostage Holding of DOC Employee<br>• Intoxication (Illegal Substance or alcohol where No Drinking Stipulation Exists)<br>• Riot<br>• Contraband Class A (Illegal Substance, Dangerous Instrument or Escape Item)<br>• Misdemeanant Misconduct<br>• Refusal to Give Specimen<br>• Threats on Staff<br><br>OTHER MISCONDUCT:<br>• Refusal to Accept Halfway House placement when stipulated.<br>• Violation of a "Contingent Upon" stipulation.<br>• Community Release Removal.<br>• Previous Parole Set-Off.<br>• Increase to DOC Level Five Status.<br>• SRG or SRG Threat Designation. | • All other Disciplinary Reports resulting in DOC sanctions of Punitive Segregation and/or Loss of Good Time |

Case 3:03-cv-00483-JCH   Document 12   Filed 10/20/2003   Page 13 of 21

**Board of Parole**

Statement of Understanding and Agreement

# CONDITIONS OF PAROLE

NAME ___**FERRIS, ABDALLA**___   CJIS NO. ___**200869**___   RELEASE ON OR AFTER ___**1/15/2005**___

1. **RELEASE. DIRECTION.** UPON RELEASE, YOU WILL REPORT TO YOUR ASSIGNED PAROLE OFFICER AS DIRECTED AND FOLLOW THE PAROLE OFFICER'S INSTRUCTIONS. YOU WILL REPORT TO YOUR PAROLE OFFICER IN PERSON, BY TELEPHONE AND IN WRITING WHENEVER AND WHEREVER THE PAROLE OFFICER DIRECTS.

2. **LEVELS OF SUPERVISION.** YOUR PAROLE OFFICER WILL ASSIGN YOU TO ONE OF SEVERAL LEVELS OF COMMUNITY SUPERVISION, DEPENDING UPON YOUR CIRCUMSTANCE. THESE LEVELS OF COMMUNITY SUPERVISION MAY INCREASE DEPENDING UPON CHANGES IN CIRCUMSTANCES, AT THE DISCRETION OF THE PAROLE OFFICER, AND MAY INCLUDE RESIDENTIAL PLACEMENT, ELECTRONIC MONITORING, CURFEW, AVOIDANCE OF SPECIFIC GEOGRAPHICAL AREAS AND AVOIDANCE OF SPECIFIC SOCIAL CIRCUMSTANCES OR INDIVIDUALS.

3. **RESIDENCE.** YOU WILL LIVE IN A RESIDENCE APPROVED BY YOUR PAROLE OFFICER AND YOU WILL COORDINATE ANY CHANGES IN YOUR PLACE OF RESIDENCE THROUGH YOUR PAROLE OFFICER BEFORE MOVING. YOUR PAROLE OFFICER HAS THE RIGHT TO VISIT YOUR RESIDENCE AT ANY REASONABLE TIME.

4. **EMPLOYMENT.** YOU WILL SEEK, OBTAIN AND MAINTAIN EMPLOYMENT THROUGHOUT YOUR PAROLE TERM, OR PERFORM COMMUNITY SERVICE AS DIRECTED BY YOUR PAROLE OFFICER. YOUR PAROLE OFFICER HAS THE RIGHT TO VISIT YOUR PLACE OF EMPLOYMENT OR COMMUNITY SERVICE AT ANY REASONABLE TIME.

5. **MARITAL/DOMESTIC STATUS.** YOU WILL KEEP YOUR PAROLE OFFICER INFORMED OF ANY CHANGES IN YOUR MARITAL OR DOMESTIC STATUS.

6. **FIREARMS PROHIBITED.** YOU WILL NOT USE, OR HAVE IN YOUR POSSESSION OR CONTROL, FIREARMS, AMMUNITION, OR ANY OTHER WEAPON OR OBJECT THAT CAN BE USED AS A WEAPON.

7. **SUBSTANCE ABUSE TREATMENT.** YOU WILL PARTICIPATE IN AN ADDICTION SERVICES EVALUATION AND TREATMENT AS DEEMED APPROPRIATE. YOU WILL FOLLOW THE INSTRUCTIONS OF THE PROGRAM STAFF AND YOUR PAROLE OFFICER AND WILL NOT MAKE ANY CHANGES WITHOUT THE EXPRESS PERMISSION OF THE PROGRAM STAFF AND YOUR PAROLE OFFICER. YOU WILL ALSO SUBMIT TO RANDOM URINALYSIS FOR THE BALANCE OF YOUR PAROLE TERM.

8. **MENTAL HEALTH TREATMENT.** YOU MAY BE REQUIRED TO PARTICIPATE IN A MENTAL HEALTH SERVICES EVALUATION AND TREATMENT AS DEEMED APPROPRIATE. YOU WILL FOLLOW THE INSTRUCTIONS OF THE PROGRAM STAFF AND YOUR PAROLE OFFICER AND WILL NOT MAKE ANY CHANGES WITHOUT THE EXPRESS PERMISSION OF THE PROGRAM STAFF AND YOUR PAROLE OFFICER.

9. **DRUGS PROHIBITED.** YOU WILL NOT USE, OR HAVE IN YOUR POSSESSION OR CONTROL, ANY ILLEGAL DRUG, NARCOTIC OR DRUG PARAPHERNALIA.

10. **TRAVEL.** YOU WILL NOT LEAVE THE STATE OF CONNECTICUT WITHOUT PRIOR PERMISSION OF YOUR PAROLE OFFICER.

11. **OBEY ALL LAWS. REPORT ANY ARREST.** YOU WILL OBEY ALL LAWS, AND TO THE BEST OF YOUR ABILITY, FULFILL ALL YOUR LEGAL OBLIGATIONS, INCLUDING PAYMENT OF ALL APPLICABLE CHILD SUPPORT AND ALIMONY ORDERS. YOU WILL NOTIFY YOUR PAROLE OFFICER WITHIN 48 HOURS OF YOUR ARREST FOR ANY OFFENSE.

12. **GANG AFFILIATION.** YOU WILL NOT ASSOCIATE OR AFFILIATE WITH ANY STREET GANG, CRIMINAL ORGANIZATION OR WITH ANY INDIVIDUAL MEMBERS THEREOF.

13. **STATUTORY RELEASE CRITERIA.** YOUR RELEASE ON PAROLE IS BASED UPON THE PREMISE THAT THERE IS A REASONABLE PROBABILITY THAT YOU WILL LIVE AND REMAIN AT LIBERTY WITHOUT VIOLATING THE LAW AND THAT YOUR RELEASE IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY. IN THE EVENT THAT YOU ENGAGE IN CONDUCT IN THE FUTURE WHICH RENDERS THIS PREMISE NO LONGER VALID, THEN YOUR PAROLE WILL BE REVOKED OR MODIFIED ACCORDINGLY.

14. **ADDITIONAL CONDITIONS.** YOU ALSO MUST ABIDE BY THE FOLLOWING INDIVIDUAL CONDITIONS:

    YOU ARE PAROLED TO YOUR IMMIGRATION AND NATURALIZATION SERVICE (INS) DETAINER. IF YOU ARE DEPORTED FROM THE UNITED STATES, YOU ARE NOT TO RETURN. IN THE EVENT THAT THE DETAINER IS NOT EFFECTED, OR IF YOU ARE RELEASED FROM INS AUTHORITIES PRIOR TO THE EXPIRATION OF YOUR CONNECTICUT TERM, THEN YOU MAY BE RELEASED TO A FULL PROGRAM IN THE STATE OF CONNECTICUT.

**FAILURE TO COMPLY WITH THESE CONDITIONS MAY RESULT IN THE REVOCATION OF PAROLE, AND, IF APPLICABLE, THE LOSS OF GOOD CONDUCT CREDITS EARNED WHILE IN PRISON.**

I HAVE READ OR HAVE HAD READ TO ME, IN MY PRIMARY LANGUAGE, THE CONDITIONS OF PAROLE RELEASE. I FULLY UNDERSTAND MY OBLIGATIONS AND AGREE TO COMPLY WITH THESE CONDITIONS OF RELEASE ON PAROLE. IN ADDITION, I UNDERSTAND THAT THESE CONDITIONS SHALL APPLY TO ANY TERM OF SPECIAL PAROLE FOR WHICH I MAY HAVE BEEN SENTENCED TO SERVE.

| Parolee | Date | Witness | Date |
|---|---|---|---|
| _Weford, P.O._ | _12/19/02_ | ADMINISTRATIVE REVIEW | 12/06/2002 |
| For the Board of Parole | Date | Hearing Location | Date |

GOVERNMENT EXHIBIT
F

TOTAL P.02

Page: 1 Document Name: untitled

# * * * * * P U B L I C   I N F O R M A T I O N   D I S C L O S U R E   * * * * *

EXCEPT AS FOLLOWS, NO INFORMATION ABOUT THIS INMATE MAY
BE RELEASED TO ANYONE WITHOUT HIS/HER WRITTEN AUTHORIZATION.

NAME : FERRIS,ABDALLA G            NUMBER :    200869   DOB :  9/14/1974

STATUS : SENTENCED            BOND :        0

OFFENSE: 21A277A SALE OF HALLUCIGEN/NARCOTIC SUBSTNC F

CURRENT LOCATION : CORR/RAD CC            ADMISSION DATE :  6/06/2001

SENTENCE DATE                MINIMUM SENTENCE            MAXIMUM SENTENCE
  7/10/2001                    Y    M    D                4Y    M    D

MINIMUM RELEASE DATE :  0/00/0000    MAXIMUM RELEASE DATE :  6/04/2005
ESTIMATED RELEASE:                        DETAINER : IMMIGRATION

FORMS AUTHORIZING RELEASE OF FURTHER INFORMATION
ARE AVAILABLE FROM ALL CORRECTIONAL FACILITIES.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
CRF1  5/12/2003 CT DEPT OF CORRECTION -- PUBLIC DISCLOSURE ▓▓▓▓▓    END

TRANSACTION: ▓▓▓▓▓   NUMBER:   00200869

GOVERNMENT
EXHIBIT
G

Date: 5/12/03 Time: 2:25:19 PM

## SECTION IV: RECLASSIFICATION PROCEDURES

Prior to approval for Community Release, the Victim Notification form titled Inmate Notice of Application, JD-VS-3, shall be forwarded to the Office of Victim Services Judicial, 31 Cooke Street Plainville, CT 06062 and a copy shall be forwarded via interdepartmental mail to the Department of Correction Victim Services Unit 1153 East Street South Suffield, CT 06080. A copy of this form shall also be maintained in section five of the inmate's Master File.

### TRANSITIONAL SUPERVISION

Within two (2) weeks of sentencing, unit classification staff shall determine the date that an eligible inmate may be placed on Transitional Supervision. When an inmate is not recommended for placement on Transitional Supervision, the T/S package shall be forwarded with the original ICF to the Community Enforcement Unit for review. The Director of Offender Classification and Population Management shall review the decision and affirm it or establish a placement date. If a placement date is established, the Director of Offender Classification and Population Management shall notify the Unit Administrator of the facility housing the inmate and the Community Enforcement Unit.

### Criteria and Review Process:

An inmate incarcerated in the Department of Correction for a definite total effective sentence of two (2) years or less shall, subject to the following criteria, be eligible for consideration for Transitional Supervision (TS). The two-(2) years maximum sentence shall include any unpaid fine calculated consecutively at $50 per day (per public act no. 02-18, effective October 1, 2002).

1.  Must not be classified Level 5;

2.  Must have served not less than 50% of the sentence imposed less jail credit;

3.  Must not be serving mandatory portion of Driving While Intoxicated (Connecticut General Statute 14-227(a) or driving under suspension offense that originally was related to Driving While Intoxicated (Connecticut General Statute 14-215(c) sentence;

4.  Must have no sex offender history;



GOVERNMENT
EXHIBIT

H

## SECTION IV: RECLASSIFICATION PROCEDURES

5.  Favorable recommendations for inmates with mental health need scores greater than 3 shall be forwarded to the Director of Health, Mental Health and Addiction Services for approval and to further ensure continuity of care;

6.  Must not have been found guilty of a Class A disciplinary report within 120 days;

7.  Must not have been found guilty of a Class B disciplinary report within 60 days;

8.  Remain escape free from any Community Release program during the preceding 120 days;

9.  No pending charges or detainers unless bond has been posted except pending out of state charges below risk level 4 with official documentation that the state will not extradite;

10. Must not be a Designated a Security Risk Group Member;

11. Must have an approved sponsor and/or have secured housing at an acceptable residence approved by Community Enforcement;

12. Inmates who would normally be approved for Transitional Supervision but lack a sponsor, can be placed in the community with a verifiable job and residence. Community Enforcement will adjust reporting times accordingly;

13. Inmates who are eligible for Transitional Supervision but the potential sponsor has previous criminal convictions can be approved for Transitional Supervision provided the sponsor is not currently on Parole, has pending criminal charges or warrants or is a DOC inmate on Community Release;

14. All attempts should be made by the facility caseload counselor to verify the potential sponsor's willingness to accept the inmate in the community. The counselor shall do this by completing the Transitional Supervision Initial Contact Form (Attachment C-8) and include it in the TS package;

15. An abbreviated Community Release package can be prepared on inmates who will be denied Transitional Supervision based on lack of sponsor and or lack of verifiable job and residence. An abbreviated package will consist of a Community Release Program Cover Sheet, Community Release Program application and a RT 50. Facilities will not be required to forward abbreviated packages for further review;

## SECTION IV: RECLASSIFICATION PROCEDURES

16. All requests for police reports shall be documented in the inmate's master file on the Inmate Classification History Form. If a police report is not received two weeks prior to the TS eligibility date, the TS package should be forwarded for review and decision made without the report;

17. Police Reports shall be requested for all violent Instant Offenses and all Violent Offenses within the last 5 years. In the event the sentenced offender is transferred before the police report is received, the originating facility shall make every attempt to collect the police report and forward it to the receiving facility;

18. Community Release classification transactions should be recorded on the Inmate Classification History Form (CN9701) at the final decision of facility warden. The decision shall be recorded as approved or denied;

19. The RC lines shall be opened and finalized once the warden makes a final decision for TS placement. If the TS package is overturned by the Classification Review Committee, the RC line will be opened and finalized by the Community Enforcement Unit;

UPON APPROVAL AN OFFENDER SHALL BE CLASSIFIED TO OVERALL RISK LEVEL ONE (1).

An RI shall be conducted on any inmate whose approval for Transitional Supervision has been rescinded prior to the inmate's release. The inmate shall be returned to the overall level prior to the RC transaction unless new information received requires that the overall risk level be higher than the prior overall risk score.

**Time Computation Formula**

The following time computation formula shall be utilized when determining the eligibility date for transitional supervision, regardless of date of offense.

Step 1: Determine number of days in the sentence. (See chart, Attachment A)

Step 2: Divide the total number of days by two-(2). (See chart, Attachment A)

Step 3: Deduct Jail Credit

Step 4: Add the result from Step 3 to the date of the sentence to determine the actual eligibility date.

# SECTION IV: RECLASSIFICATION PROCEDURES

### EXAMPLE:

| | |
|---|---|
| Step 1: 1 Year Sentence | 365 days |
| Step 2: 365 Divided by 2 | 183 days |
| Step 3: Minus JC | - 80 days |
| The Result is: | 103 <u>days</u> |
| Step 4: Add Result to Date of Sentence | DOS + 103 Days |

\*   **Date of Sentence + 103 Days ≈ Eligibility Date**

An inmate with any sentence imposed which is equal to or less than 2 years is eligible for T/S consideration.

An inmate with any number of concurrent sentences is eligible for T/S, regardless of date of imposition and aggregate time, as long as none of these sentences are greater than 2 years. Percentage of time requirements should be computed on the Controlling Sentence in this instance.

The 50% criteria shall be applied to the aggregate sentence for sentences with consecutive terms and calculated from the first sentencing date.

## RESIDENTIAL PROGRAM PLACEMENT

Criteria:

An offender shall be eligible for residential program placement when the following criteria are met:

1.    Must be classified Level 2; **(Prior to Approval)**

2.    Must be within 18 months of Estimated Discharge Date or Voted to Parole Date.

3.    Must not have been found guilty of a Class A disciplinary report within 120 days;

## SECTION IV – RECLASSIFICATION PROCEDURES

4.  Must not have been found guilty of a Class B disciplinary report within 60 days;

5.  No escape or return from escape within the past calendar year (1) year;

6.  No Community Release program failures during the preceding six (6) months;

7.  No pending charges, except for those out of state charges below risk level 4 with official documentation that the state will not extradite, or unless bond has been posted;

UPON APPROVAL AN OFFENDER SHALL BE CLASSIFIED TO OVERALL RISK LEVEL ONE (1).

For CUSCOM inmates, written facility recommendations for Residential Program Placement, approved by the Unit Administrator or Designee, shall be sent to the Interstate Compact Supervisor or Designee. These recommendations should take into account, Length of Confinement, Disciplinary History and Percentage of time served in the other jurisdiction. Recommendations will be forwarded by the Interstate Compact Office to the other jurisdiction for final approval.

## E.  CLASSIFICATION REVIEWS AND ACTION

### 1.  INMATE INVOLVEMENT

The inmate will be seen by classification staff. An inmate meets with the classification staff in accordance with the Reclassification Review Chart in Section IV.A. Regular Reclassification Reviews for inmates on Community Release status shall be exempt from the inmate involvement requirement as noted in the Reclassification Review Chart in section IV.A.

An inmate shall be notified in writing of any change in the overall and individual Risk scores and any denials of assignment to a lower Overall Risk level.

### 2.  STAFF ACTIONS

#### a.  Classification Staff

Classification staff shall gather all necessary information for accurate documentation and entry on the Inmate Classification Form (ICF). This information shall also be documented on the Classification History Form, CN9701.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

ERCIDO NUNEZ,

    Petitioner,

V.

IMMIGRATION AND
NATURALIZATION SERVICE,

    Respondent.

2003 OCT -9 A 7: 49

CASE NO. 3:03CV1224(RNC)    DISTRICT COURT
HARTFORD CT

## RULING AND ORDER

Petitioner, a native and citizen of the Dominican Republic, is serving forty-five months in state prison for first-degree assault. The Immigration and Naturalization Service (INS) has placed a detainer on petitioner based on his aggravated felony conviction, but has not yet begun removal proceedings against him. Petitioner, proceeding pro se, seeks a writ of mandamus compelling the INS either to lift the detainer, or to hold a removal hearing on any claims it may have against him [Doc. #1]. Because petitioner has no clear right to this relief, the petition is denied.

I. Discussion

A writ of mandamus is available only when the applicant has a clear right to the relief sought, the respondent has a plainly defined duty to act, and no other remedy is available. Billiteri v. United States Bd. of Parole, 541 F.2d 938, 946 (2d Cir. 1976). Congress has specifically provided that the INS's authority to expedite removal proceedings for incarcerated aliens, an authority that covers detainers and expedited removal hearings, is discretionary. 8 U.S.C. § 1228(a)(3)(B). A writ of mandamus is not available to compel such discretionary acts.

Petitioner also suggests that the effect of the detainer is to deny him the opportunity to participate in the Transitional Supervision ("TS") and Residential Program Placement ("RPP") programs. Petitioner has not shown, and the government denies, that a detainer automatically has that effect. The Second Circuit has found that a detainer issued by the INS regarding an alien incarcerated for an aggravated felony is simply a notification to the prison, and does not affect the prisoner's status. <u>Waldron v. INS</u>, 17 F.3d 511, 516 (2d Cir. 1994). In any case, petitioner cannot show that he has a clear right to participate in those programs, as required for a writ of mandamus, because placement in those programs in entirely discretionary. Conn. Gen. Stat. §§ 18-100(e), 100c.

II.     <u>Conclusion</u>

Accordingly, the petition is hereby denied and the case is dismissed.

So ordered.

Dated at Hartford, Connecticut this 8 day of October 2003.


                              Robert N. Chatigny
                         United States District Judge