UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ABDALLA GOWAN FERRIS, : | |
|     Petitioner, : | |
| : | CIVIL ACTION NO. |
| v. : | 3-03-cv-483 (JCH) |
| : | |
| IMMIGRATION AND : | |
| NATURALIZATION SERVICE, : | |
|     Respondent. : | FEBRUARY 3, 2004 |

### RULING DENYING
### PETITION FOR WRIT OF HABEAS CORPUS [Dkt. No. 1]

<u>Pro se</u> petitioner Abdalla Gowan Ferris requests that this court grant his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 and for a writ of mandamus [Dkt. No. 1].[1]  Ferris argues that the detainer lodged against him by the Respondent, the Immigration and Naturalization Service ("INS"),[2] has prevented him from being released

---

[1] The pleading filed by Ferris, which is entitled "Petition for a Writ of Mandamus," asks only that the district court "issue a Writ of Mandamus to show cause why [Ferris] should not be deported and allowed to stay in the United States."  Petition at 1 [Dkt. 1]. In response to this request, the court issued an Order to Show Cause [Dkt. 11], dated October 10, 2003, ordering the INS "to attempt to respond to any and all issues raised in the petition as best it c[ould], construing the allegations therein broadly."  Because it is unclear whether Ferris requests a writ of mandamus, a writ of habeas corpus, or both, the court will construe the petition liberally and assume that the petitioner seeks both writs. See generally <u>Gomes v. AVCO Corp.</u>, 964 F.2d 1330, 1335-36 (2d Cir. 1992)("[W]e ordinarily require the district courts to give substantial leeway to pro se litigants . . . . ") (citing <u>Bobal v. Rensselaer Polytechnic Institute</u>, 916 F.2d 759, 762 (2d Cir. 1990)).

[2] The Immigration and Naturalization Service and its function have been replaced by the Bureau of Customs and Immigration Enforcement, which is within the newly created

on parole and therefore seeks to have the detainer lifted. To the extent that Ferris' pleading can be considered a petition for a writ of mandamus, the court denies the petition because Ferris has no right to an immediate hearing, release from state custody, or dismissal of the detainer. Under the Second Circuit's recent decision in Simmonds v. INS, 326 F.3d 351 (2d Cir. 2003), this court determines that, because the custody requirement of § 2241 is satisfied, it would otherwise have jurisdiction to hear Ferris' habeas corpus petition. However, to the extent that Ferris has failed to exhaust his administrative remedies with respect to his substantive claims, the court is without jurisdiction and therefore dismisses the habeas corpus petition.

I.      FACTS AND PROCEDURAL HISTORY

Petitioner Abdalla Gowan Ferris, a 29-year-old citizen of Antigua, entered the United States at Christensted, St. Croix, V.I., as a legal permanent resident in September of 1980, not long after his sixth birthday. Ferris' family, including his mother, father, grandmother, three sisters, and his five children, live in the United States. See Petitioner's Response to Order to Show Cause ("Ferris Response"), at 2 [Dkt. 13]. His five children, ranging in age from two to ten years of age, also live here in the United States and receive financial support from Ferris. See id.; see also Petition for Writ of Mandamus, at 1 [Dkt. 1].

---

Department of Homeland Security.

Ferris pled guilty to and, on July 10, 2001, was convicted of possession of narcotics (marijuana) with intent to sell, in violation of Connecticut General Statutes § 21a-277(a). Based on this "aggravated felony" conviction, on January 20, 2001, the INS initiated removal proceedings against Ferris.[3] At the deportation hearing, Ferris challenged this state drug conviction as the basis for his removal. However, the immigration judge (IJ) orally concluded that Ferris was removable based on clear and convincing evidence that he had committed this "aggravated felony" as defined by the INA, determined that he was not eligible for any other relief from removal, and ordered him removed to Antigua. See INS Response to Order to Show Cause ("Response") [Dkt. 12], Ex. B: Oral Decision of the IJ. Ferris, who was represented by counsel, did not apply for any relief from removal during these proceedings before the IJ. Id. at 2. Ferris now claims that he was not aware of the possibility of applying for such relief.

---

[3] The Notice to Appear alleged that Ferris was subject to removal pursuant to § 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA" or "the Act") for having been convicted of two "aggravated felon[ies]" as defined in § 101(a)(43)(B) and § 101(a)(43)(U) of the Act, but relied only on the § 101(a)(43)(B) conviction as a basis to support the deportation. See Response, Ex. A: Notice to Appear. The § 101(a)(43)(B) violation involved a conviction for possession of marijuana with intent to sell, by definition, "an offense relating to the illicit trafficking in a controlled substance, as described in section 102 of the Controlled Substances Act, including a drug trafficking crime, as defined in section 924(c) of Title 18, United States Code." Id. The § 101(a)(43)(U) conviction, which was alleged but not relied upon in the Notice to Appear, related to a failure to appear. See id.

Acting pro se, Ferris appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), and the BIA affirmed without issuing an opinion. See Response, Ex. C: BIA Order, dated March 10, 2003. As a result of this final agency determination, on March 21, 2003, the INS lodged a detainer against the petitioner as a result of his aggravated felony conviction, and Ferris is now subject to a final order of removal. See Response, Ex. D: "Immigration Detainer–Notice of Action."

Ferris filed this pro se petition for the writ of habeas corpus on March 18, 2003. In light of Ferris' pro se status, on January 26, 2004, this court held a hearing on Ferris' petition. He is currently serving his state sentence at Radgowski Correctional Institution in Uncasville, Connecticut. Although this sentence does not expire until June 4, 2005, Ferris was "voted to parole"[4] by the Connecticut Board of Parole ("Parole Board") beginning on January 15, 2005. Ferris concedes that, in accordance with the policy and procedures of the Connecticut Department of Correction, the Parole Board may "consider an INS detainer in making [its] determination whether to release an alien prior to the expiration of his or he sentence." Bell v. INS, No. 3:02cv2099, 2003 U.S. Dist. LEXIS 21120, *6 (D. Conn. November 20, 2003). According to Ferris, however, the fact that he has an INS detainer lodged against him has adversely affected his parole eligibility date, such that he is eligible

---

[4] When a Connecticut inmate is "voted to parole," s/he has been granted parole for a date that is more than thirty days in the future, contingent upon the inmate's satisfaction of certain statutory and institutional criteria.

for parole only after he has served 85 percent of his sentence, in 2005, rather than in June of 2003, when he will have completed 50 percent of his sentence. In addition, Ferris' petition requests that this court "lift his detainer with a cash bond or cancellation of deportation, with special probation period of a number of years, in which the petitioner could apply for his citizenship," or, absent such relief, grant him "a one-year pardon" to allow him to allow him to return to the U.S. in order to visit his family.[5]  Ferris Response, at 2.

## II. DISCUSSION

### A. Writ of Mandamus

Although Ferris petitions for a writ of mandamus, he does not name the person who should be the subject of the mandamus order, nor does he state any legal grounds for such an order to issue. However, construing the petition liberally in favor of Ferris, the court will interpret the petition as demanding that he be released from state custody, that he receive an immediate hearing before an IJ, and that the INS detainer lodged against him be

---

[5] To the extent that Ferris' petition could also be construed as raising an ineffective assistance of counsel claim, see Petition at 2 ("[T]he Petitioner was also a victim of a lawyer who charged him $1,000.00 and promised him the world. The [immigration] attorney, Anne Rapkin, of North Haven, CT., did nothing to represent his interests."), the court finds the claim to be without merit. "[T]here simply is no Sixth Amendment right to counsel and no claim for ineffective assistance of counsel in connection with deportation proceedings, which are civil in nature." See United States v. Yousef, 327 F.3d 56, (2d Cir. 2003). However, the court notes that, at the petition hearing, the lawyer for the INS suggested that there exists an administrative procedure designed to address claims like this of Ferris about inadequate legal representation.

dismissed.

A writ of mandamus is a petition to a court requesting an order to compel an officer or employee of the United States to perform a duty owed to the petitioner. See Deutsch v. United States, 943 F. Supp. 276, 279 (W.D.N.Y. 1996). "The Second Circuit has held that a writ of mandamus may issue only when there is: (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory duty on the defendant's part to do the act in question; and (3) lack of another available, adequate remedy." Id. (internal quotation marks omitted).

Ferris has no clear right to the remedies he seeks. Neither the federal procedures governing removal procedures for aliens convicted of aggravated felonies, nor state parole procedures provide petitioner with a clear right to a hearing or release from state custody. The statute governing INS procedures does not mandate or even authorize an immediate hearing in front of an immigration judge after a detainer has been filed against an alien. See 8 U.S.C. § 1228. The government is not required to institute removal proceedings for an alien prior to the expiration of the alien's sentence in a correctional facility. See 8 U.S.C. § 1228(a)(3)(B). "Although removal proceedings should be conducted in a manner that minimizes the need for additional detention after an alien's incarceration for the underlying offense, an alien may be detained by INS officials after a state or federal sentence has expired." Bell, 2003 U.S. Dist. LEXIS 21120, at *5 (citing 8 U.S.C. § 1228(a)(1)). As

the District Court for the District of Connecticut (Underhill, J.) observed in Bell:

> In fact, an inmate ordinarily remains in the custody of the correctional institution until his or her sentence is complete, Deutsch, 943 F. Supp. at 279, because an inmate cannot be deported while imprisoned by the state. Fernandez-Collado v. INS, 644 F. Supp. 741, 744 (1986). Thus, petitioner does not have a clear right to release from state custody or to an immediate hearing regarding the INS detainer and potential deportation proceedings.
> Connecticut statutes relating to and governing the Connecticut Board of Parole do not provide a clear right to demand or apply for parole and vest broad discretion with the Board to determine whether an inmate should be released on parole. Vincenzo v. Warden, 26 Conn. App. 132, 141, 599 A.2d 31 (1991). The parole board is allowed to consider an INS detainer in making their determination whether to release an alien prior to the expiration of his or her sentence. Moreover, prisoners generally do not have a protected interest in obtaining access to particular prison programs. Deutsch, 943 F. Supp. at 280. Therefore, [the petitioner] has no clear right to release from state custody, regardless of whether he had been voted to parole.

Id. at *5-6. Because Ferris has no right to an immediate hearing, release from state custody, or dismissal of the detainer, his petition for a writ of mandamus is denied.

B. Writ of Habeas Corpus

This court has jurisdiction to hear Ferris' habeas corpus petition. Section 2241 of Title 28 of the United State Code provides in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Thus, "[a] jurisdictional prerequisite for the granting of a writ of habeas corpus under 28 U.S.C. § 2241 is that the petitioner be 'in custody.' . . . [C]ourts have long recognized that the writ is available to those who, although not actually imprisoned, suffer such a curtailment of liberty as to

7

render them 'in custody.' " Simmonds v. INS, 326 F.3d 351, 354 (2d Cir. 2003).

Although "[t]he majority of circuits has held that the filing of a detainer, alone, does not create custody in the INS," id., and the overwhelming majority of district courts in this circuit has followed this line of authority, see Bell, 2003 U.S. Dist. LEXIS 21120, *7 ("[C]ourts in this circuit have consistently held that an INS detainer does not subject a prisoner to the custody of the INS.")(citing cases), the Second Circuit Court of Appeals has yet to rule squarely on the issue, see Simmonds, 326 F.3d at 354 ("Our circuit has not yet resolved the issue."). Notwithstanding, in Simmonds, the Second Circuit clearly held that "[a petitioner's] final order of removal is sufficient, by itself, to establish the requisite custody" under § 2241. Id. Therefore, because Ferris is subject to a final order of removal, a fact which neither party disputes, this court has jurisdiction to consider his habeas petition.

With respect to the merits, the court notes that Ferris' petition, if construed liberally, could be deemed to raise a host of substantive claims, such as a challenge to the deportation itself, eligibility for a waiver of deportation, release on bond, or even conditional parole. Because it appears Ferris may have exhausted his claim challenging the grounds for his deportation, the court has jurisdiction to consider whether Ferris has been convicted of an "aggravated felony" as defined by INA § 101(a)(43). See 8 U.S.C. § 1101(a)(43). The court concludes that Ferris' conviction for possession of marijuana with intent to sell under

8

Conn. Gen. Stats. § 21a-277(a) constitutes a removable "aggravated felony" as defined by INA § 101(a)(43)(B), specifically, "an offense relating to the illicit trafficking in a controlled substance, as described in section 102 of the Controlled Substances Act, including a drug trafficking crime, as defined in section 924(c) of Title 18, United States Code." See 8 U.S.C. § 1101(a)(43)(B). See generally Gousse v. Ashcroft, 339 F.3d 91 (2d Cir. 2003)(concluding that petitioner's conviction for "sale of hallucinogen/narcotic" under Conn. Gen. Stats. § 21a-277(a) constituted a removable "aggravated felony" as defined by INA § 101(a)(43)(B), see 8 U.S.C. § 1101(a)(43)(B), at least when removal proceedings were initiated on February 3, 2000).

However, the remaining possible claims alluded to in the habeas petition must be dismissed because Ferris has failed to exhaust his administrative remedies with respect to these claims. In general, "a party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself." Howell v. INS, 72 F.3d 288, 291 (2d Cir. 1995). The requirement of administrative exhaustion can be either statutorily or judicially imposed. See Beharry v. Ashcroft, 329 F.3d 51, 56 (2d Cir. 2003). "This Court has explained that the distinction between the two exhaustion requirements can be 'pivotal' because statutory exhaustion requirements are mandatory, while the judicial (common-law) exhaustion doctrine is discretionary and includes a number of exceptions." Id. (internal citation omitted).

9

The explicit statutory language requiring exhaustion of agency remedies before appeal of an immigration judge's decision to the federal district court appears in INA § 242(d)(1).  See 8 U.S.C. § 1252(d)(1)(successor provision to INA § 106(c), which was formerly codified at 8 U.S.C. § 1105a(c)).[6]  Under this provision, "[a] court may review a final order of removal only if -- (1) the alien has exhausted all administrative remedies available to the alien as of right . . . ."  Id.  As the Second Circuit Court of Appeals in Sousa v. INS, 226 F.3d 28 (2d Cir. 2000), stated:

> Whatever our own views, we are bound by precedent to apply the INA exhaustion requirement in a more draconian fashion. The Supreme Court regards exhaustion requirements imposed by statute as more rigid than the common law doctrine, even though (as here) the statutes are rarely explicit in ruling out exceptions. Not much precedent exists as to section 242(d), but it merely "restates" its precursor, former INA section 106(c) (codified at 8 U.S.C. § 1105a(c) (1994)). H.R. Conf. Rep. No. 104-828, 1996 WL 563320, at *478 (Sept. 24, 1996).  And most circuits, including this one, have described former INA section 106(c) as a jurisdictional bar where an issue sought to be raised in court was not raised in the agency.

226 F.3d at 31-32 (footnote omitted).

After careful examination of the relevant statutory language, the Second Circuit in Beharry v. Ashcroft, 329 F.3d 51 (2d Cir. 2003), suggested in dicta that the question of whether the INA's statutory exhaustion requirement applies to habeas petitions remains

---

[6] Section 1252(d)(1) applies to the instant petition.  Here, the INS commenced removal proceedings against Ferris on January 20, 2001, after the April 1, 1997 effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009-546 (1996).

open.  See 329 F.3d at 61-63 ("We do not and need not decide whether § 106(c) imposes a statutory exhaustion requirement on habeas petitioners like Beharry, because Beharry's failure to raise his § 212(h) claim below cannot be excused whether the exhaustion requirement is statutorily or judicially imposed.").  In fact, in Theodoropoulos v. INS, a decision issued only a month and a half before Beharry was argued, the Second Circuit applied § 242(d)(1)'s statutory exhaustion requirement to the habeas petition before it and held that the petitioner's failure to exhaust on statutory grounds deprived the court of subject matter jurisdiction.  See Theodoropoulos, 313 F.3d 732, 736-37 (2d. Cir. 2002).

Apparently, in light of this questioning of its holding in Beharry, the panel in Theodoropoulos has recently issued an superseding opinion unambiguously holding that § 1252(d)(1) creates a statutory exhaustion requirement in "all forms of review including habeas corpus."[7]  See Theodoropoulos, No. 01-2715, 2004 WL 49118, *7 (Jan. 12, 2004). The court in Theodoropoulos stated further that, in so holding, it "join[ed] those circuits

---

[7] The history of the Theodoropoulos opinion is notable.  The original opinion was issued on Dec. 18, 2002 but was amended on Dec. 20, 2002.  On February 6, 2003, the petition for rehearing en banc was submitted, an event noted in the Beharry decision.  See Beharry, 329 F.3d at 58 n.12 (describing Theodoropoulos as a case in which the mandate had not yet issued and noting that a "petition for rehearing is sub judice at present").  In June of 2003, in light of the pending petition for rehearing, the court asked that counsel for Theodoropoulos be appointed and that the parties submit additional briefs to the court.  On August 12, 2003, the Honorable Fred I. Parker, principal author of the original and first amended opinions in Theodoropoulos, died.  Ultimately, on January 12, 2004, a superseding opinion in Theodoropoulos was issued.  However, as of this date of this ruling, it appears that the petition for rehearing en banc is technically still pending.

11

that have specifically decided that issue, which have been unanimous in holding that the exhaustion requirement applies in the context of habeas corpus proceedings." Id. (citing cases).

In any event, whether or not there exist "limited circumstances in which an exception to the general rule [of exhaustion] might apply," Theodoropoulos, 2004 WL 49118, *9, the court concludes that Ferris' failure to exhaust cannot be excused, even under this "less stringent judicial exhaustion requirement." Beharry, 329 F.3d at 62. According to the Second Circuit in Beharry:

> If an exhaustion requirement is judicially imposed instead of statutorily imposed, a number of exceptions apply that allow courts to excuse a party's failure to exhaust administrative remedies. Specifically, exhaustion of administrative remedies may not be required when (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question.

Id. at 62 (quotation marks omitted). The court does not find a basis here for applying any of these exceptions. Thus, whether exhaustion is mandated by § 1252(d)(1) or is judicially-created, the court is without jurisdiction and therefore dismisses the petition.

### III.  CONCLUSION

For all of the aforementioned reasons, the petitioner's request for a grant of the writ of habeas corpus and for a writ of mandamus [Dkt. No. 1] is denied.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 3rd day of February, 2004.

/s/ Janet C. Hall
Janet C. Hall
United States District Court